UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin Hall

   v.                                                  Civil No. 08-cv-465-SM

Kevin Clark

**REPORT AND RECOMMENDATION**

Before the Court is Kevin Hall's damages action (document no. 1), alleging that defendant violated his rights by presenting false testimony against Hall at a criminal trial. As Hall is a prisoner, the matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted, whether this Court has jurisdiction over this matter, and whether the complaint seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the Magistrate Judge is directed to conduct a preliminary review. LR

4.3(d)(2). In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id. This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Kevin Hall was charged with causing damage to his cell at the Cheshire County House of Correction ("CCHC") during his detention there in 2004 and 2005. In support of the criminal

charge against Hall, Kevin Clark, a corrections officer at the CCHC, provided an affidavit to the prosecutor, and provided testimony at trial.  Hall states that Clark's testimony demonstrated that Clark was involved in a conspiracy with other CCHC officials to have Hall wrongfully convicted and incarcerated by intentionally providing false testimony against Hall.

## Discussion

I.  Federal Claim Under 42 U.S.C. § 1983

A government official may be held personally liable under 42 U.S.C. § 1983 if, acting under color of state law, the official caused the deprivation of a federal constitutional or statutory right.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985).[1]  Hall claims that the defendant is a person who was acting under color of state law when he violated his constitutional rights.

---

[1] 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Accordingly, Hall's federal civil rights claim against Clark arises under § 1983.

"[W]itnesses are absolutely immune from damages liability based on their testimony." Briscoe v. LaHue, 460 U.S. 325, 326 (1983); see Young v. Knox County Deputy, 68 F.3d 455, *1 (1995) (following Briscoe in finding no ability to recover damages in a § 1983 action from a witness who allegedly provided false testimony). Accordingly, Hall's claim for damages against Clark for falsely testifying against him is barred, and I recommend that it be dismissed.

## II. State Law Claims

By alleging that he is a citizen of the State of New York and that his damages exceed $75,000, I presume that Hall is relying on the existence of diversity jurisdiction in this matter to bring state law claims here, pursuant to the diversity jurisdiction of this Court. See 28 U.S.C. § 1332 (establishing the jurisdiction of the federal district courts over actions based on state law where the parties are of diverse citizenship and the amount in controversy exceeds $75,000). Hall alleges that defendant is a citizen of New Hampshire, while he is a

citizen of New York, and the amount alleged to be in controversy exceeds $75,000.

Hall alleges that he is a citizen of New York by virtue of his present incarceration in a New York prison. Contrary to Hall's assertions, however, his current incarceration in New York does not establish his domicile for purposes of obtaining diversity jurisdiction in this Court. "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." Smith v. Cummings, 445 F.3d 1254, 1259 (10th Cir. 2006) (citing Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). "Because domicile is a voluntary status, a prisoner is presumed to be a citizen of the state of which he was a citizen before his incarceration, even if he is subsequently incarcerated in another state." Smith, 445 F.3d at 1260. Here, the record suggests that Hall was a citizen of New Hampshire prior to his incarceration in New York, therefore, he is presumed to be a citizen of New Hampshire for purposes of establishing domicile. "The presumption, however, is rebuttable." Id. If, for example, a prisoner intends to live in another state upon release and is assigned to a prison in that state, his domicile may become that state. See id. Factors to be considered in

determining domicile include the prisoner's declaration of his intentions and the manner in which he has ordered his personal and business transactions and any other factors that are relevant to the corroboration of his statements.  Id.  Hall has neither alleged that he intends to live in New York after he is released nor identified any factors indicating such an intent.  Consequently, he is presumed to be a resident of New Hampshire, the state in which he was incarcerated before the New Hampshire Department of Corrections occasioned his transfer to New York.  Because the parties in this action are both New Hampshire residents, they are nondiverse.  Hall has therefore failed to plead diversity jurisdiction under 28 U.S.C. § 1332, and I recommend that any state law claim he intended to bring, relying on the existence of diversity jurisdiction, be dismissed.

## Conclusion

For the foregoing reasons, I recommend that this action be dismissed in its entirety, as Hall has failed to state any claim upon which relief might be granted.  See LR 4.3(d)(2)(A).  Any objections to this report and recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal

the district court's order.  See Unauthorized Practice of Law

Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                                    _____
                                    James R. Muirhead
                                    United States Magistrate Judge
```

Date:     April 24, 2009

cc:       Kevin Hall, pro se